Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street
Suite 914
San Francisco, CA 94104
Ph: (415) 651-1951
Fax: (415) 500-8300
mark@aoblawyers.com

Attorneys for Plaintiff Gregory A. Maselli

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gregory A. Maselli,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>US Bank National Association and<br>Equifax Information Services LLC, a Georgia<br>limited liability company,<br><br>　　　　Defendants. | Case No.<br><br>COMPLAINT<br><br>(Fair Credit Reporting Act<br>15 USC § 1681 et seq)<br><br>DEMAND FOR JURY TRIAL |

**Preliminary Statement**

1.　　This is an action for damages brought by Gregory Maselli against US Bank National Association and Equifax Information Services LLC for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq*. (FCRA) and the California Consumer Credit Reporting Agencies Act, Civil Code § 1785.25(a)-(c).

**The Parties**

2.　　Plaintiff Gregory Maselli is an individual consumer.

3.  Defendant US Bank Mortgage, LLC is a Delaware limited liability company headquartered in Lewisville, Texas ("US Bank"). US Bank is one of the nation's leading mortgage servicers with loans having a principal balance over $318 billion.

4.  Defendant Equifax Information Services LLC is a limited liability company organized under the laws of Georgia.

**Jurisdiction & Venue**

5.  The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p and supplemental jurisdiction over the California Civil Code claims pursuant to 15 USC § § 1367.

6.  The defendants regularly conduct business in this district.

**Description of the Case**

7.  Plaintiff formerly owned a single family residence in Desert Hot Springs, California on which he obtained a loan from US Bank in the amount of $221,250 in December 2006 secured by a first deed of trust.

8.  Due to some financial difficulties, plaintiff fell behind in payments to US Bank. US Bank foreclosed on the residence in March 2010. Following the foreclosure, plaintiff had no financial obligation on the loan.

9.  For reasons unknown to plaintiff, US Bank has been reporting to Equifax that the account is still active and open even though it was closed in March 2010. Equifax has incorporated the same inaccurate report on plaintiff's credit files.

10. Trans Union and Experian are correctly reporting the account was closed in March 2010.

11. Credit grantors looking at plaintiff's Equifax credit report are led to believe the account is still active.

12. Plaintiff talked by telephone with Equifax's agents, who are located in the Phillipines, on at least three occasions in October 2013. In each conversation, plaintiff explained that the account in question was closed in March 2010 and that it should not therefore be reported as open and active. The operators seemingly had no clue what plaintiff was talking about.

13. Equifax failed and refused to conduct a reasonable investigation concerning the dispute. Had it done so, it would have corrected its inaccurate credit reporting.

14. Earlier in March 2013, plaintiff talked by telephone with representatives of US Bank about its inaccurate credit reporting. Each time, plaintiff explained the bank was reporting incorrectly to Equifax. US Bank failed to conduct a reasonable investigation. Had it done so, it would have corrected its inaccurate credit reporting.

15. In April 2013, plaintiff faxed a letter with relevant documents to US Bank in which plaintiff disputed its inaccurate credit reporting. US Bank received the letter disputing the account, but it refused to conduct a reasonable investigation and it refused to correct is reporting of the status of the account.

16. Experian and Trans Union are correctly reporting that the account was closed in March 2010 with no further activity after that date.

17. Defendants' reporting on the status of the loan account were inaccurate, misleading, and incomplete.

18. Despite plaintiff's efforts, US Bank and Equifax willfully, intentionally, recklessly and negligently repeatedly failed to follow procedures that would correct the inaccurate, misleading and incomplete credit information.

19. As a result of defendants' conduct, plaintiff has suffered actual damages in the form of (a) lost credit opportunities, b) harm to credit reputation and credit score, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration. Plaintiff will

continue to suffer the same for an indefinite time in the future, all to plaintiff's great detriment and loss.

**First Claim: Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a) – Against US Bank**

20. Plaintiff incorporates by reference ¶¶ 1-19.

21. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

22. US Bank negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate, misleading, and incomplete.

23. US Bank failed to conduct a reasonable investigation as to whether its credit reporting was accurate, misleading or incomplete.

24. Based on these violations of Civil Code § 1785.25 (a), plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**Second Claim: Violations of the Fair Credit Reporting Act—Against US Bank**

25. Plaintiff incorporates by reference ¶¶ 1-19.

26. The FCRA requires a furnisher such as US Bank, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by a furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

27. Within the last two years, defendant US Bank provided inaccurate and misleading

information to the credit reporting agencies.

28. US Bank violated sections 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

    (a) willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiff disputed;

    (b) willfully and negligently failed to review all relevant information concerning plaintiff's accounts;

    (c) willfully and negligently failing to report the results of investigations to the three national credit reporting agencies;

    (d) willfully and negligently failing to report the inaccurate status of the inaccurate information to the credit reporting agencies;

    (e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by the credit reporting agencies concerning the inaccurate information disputed by plaintiff;

    (f) willfully and negligently failing to provide the credit reporting agencies with the factual information and evidence plaintiff submitted to defendants that proved that the information concerning plaintiff's credit reports was inaccurate;

    (g) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning plaintiff's account to the credit reporting agencies;

    (h) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-s(b); and

29. As a result of the above-described violations of § 1681s-2(b), plaintiff has been damaged.

**Third Claim: Violations of the Fair Credit Reporting Act—Against Equifax**

30. Plaintiff incorporates by reference ¶¶ 1 through 29.

31. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1)(A).

32. In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

33. Within the two years preceding the filing of this complaint, Plaintiff notified Equifax about the inaccuracies contained in its reports and asked it to correct the inaccuracies.

34. Equifax failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed.

35. Equifax failed to review and consider all relevant information submitted by Plaintiff.

36. Equifax failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file in violation of 15 USC § 1681e(b).

37. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

38. Equifax's violations of the FCRA were willful and therefore Plaintiff is therefore entitled to also seek statutory and punitive damages.

**PRAYER**

WHEREFORE, plaintiff prays for judgment as follows:

1. Actual, statutory and punitive damages;
2. Injunctive relief;
3. Costs and attorney's fees; and
4. Such other relief as the Court may deem proper.

Dated: November 13, 2013.

ANDERSON, OGILVIE & BREWER LLP

By /s/ *Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

Dated: November 13, 2013.

ANDERSON, OGILVIE & BREWER LLP

By */s/ Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff